**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD WYATT,                                                     Case No. 1:13-cv-28
    Petitioner,

                                                                      Black, J.
    vs.                                                                      Bowman, M.J.

WARDEN, WARREN                             **REPORT AND**
CORRECTIONAL INSTITUTION,            **RECOMMENDATION**
    Respondent.

        Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's motion to dismiss, and petitioner's reply. (Docs. 1, 9, 10).

**I.    PROCEDURAL HISTORY**

**State Trial Proceedings**

        On April 14, 2010, the Butler County, Ohio grand jury returned a two-count indictment charging petitioner with murder and domestic violence. (Doc. 9, Ex. 1). Both counts included a firearm specification. *Id.* Petitioner entered a plea of not guilty to the charges in the indictment.

        Petitioner filed several pre-trial motions. On May 18, 2010, petitioner filed a motion to suppress evidence. (Doc. 9, Ex. 2). Petitioner also filed a motion in limine, moving the trial court to exclude testimony regarding prior crimes, bad acts, wrongs or acts to prove petitioner's character under Ohio R. Evid. 404(B). (Doc. 9, Ex. 4). Finally, petitioner filed two requests for jury instructions on the lesser included offenses of voluntary manslaughter, reckless homicide and negligent homicide. (Doc. 9, Ex. 5, 6). The trial court overruled petitioner's motions. (*See* Doc. 9, Ex. 3, 12).

On July 14, 2010, following a jury trial, petitioner was found guilty of all charges. (Doc. 9, Ex. 7). Petitioner was sentenced to a term of imprisonment of fifteen years to life in the Ohio Department of Corrections for the murder conviction, with a consecutive term of three years for the firearm specification. (Doc. 9, Ex. 8). The murder conviction was merged with the domestic violence conviction for the purposes of sentencing. *See id.*

### Direct Appeal

On July 16, 2010, petitioner, through trial counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 9, Ex. 9). Petitioner was subsequently appointed new appellate counsel, who filed a merits brief on petitioner's behalf on January 5, 2011. (*See* Doc. 9, Ex. 10). Therein, petitioner presented the following three assignments of error for the court's consideration:

> FIRST ASSIGNMENT OF ERROR
> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ALLOWED THE STATE TO PRESENT "OTHER ACTS" EVIDENCE TO THE JURY.
>
> SECOND ASSIGNMENT OF ERROR
> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO PROVIDE CERTAIN JURY INSTRUCTIONS.
>
> THIRD ASSIGNMENT OF ERROR
> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ALLOWED THE INTRODUCTION OF HIS HOSPITAL RECORDS INTO EVIDENCE.

(Doc. 9, Ex. 10). On July 11, 2011, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 9, Ex. 12).

### Ohio Supreme Court

On November 21, 2011, petitioner filed a pro se motion to file a delayed appeal in the Ohio Supreme Court. (Doc. 9, Ex. 13). On January 18, 2012, the Ohio Supreme Court denied

petitioner's motion. (Doc. 9, Ex. 15).

### Federal Habeas Corpus

Petitioner filed the instant federal habeas corpus action on January 10, 2013.[1] (Doc. 1). In the petition, petitioner raises the following single ground for relief:

> **Ground One:** Petitioner was denied his right to due process as guaranteed by the Constitution of the United States.
>
> Supporting facts:
> The trial court showed particular bias that caused an accidental shooting to appear purposeful.

(Doc. 1).

Respondent has filed a motion to dismiss, arguing that the petition should be denied. (Doc. 9). Respondent contends that the habeas petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *Id.*

## II. THE PETITION SHOULD BE DISMISSED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] The petition was filed with the Court on January 13, 2013. (Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on January 10, 2013. (*See* Doc. 1, p. 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on January 10, 2013.

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims.  Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.  Furthermore, petitioner's ground for habeas relief is based on an alleged error that occurred during the trial proceedings.  Since petitioner was aware of the facts underlying his claims by the close of trial, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Here, petitioner's conviction and sentence became final on August 25, 2011, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' July 11, 2011 decision affirming the trial court's final judgment entry of conviction and sentence.  *See* Ohio S.Ct.Prac.R. 6.01(A)(1).  Although petitioner tried to pursue a delayed appeal to the Ohio Supreme Court, it is well-settled that unsuccessful motions for leave to file a delayed appeal, such as the one filed by petitioner in this case, do not restart the running of the statute under § 2244(d)(1)(A), but rather only can serve to toll an unexpired limitations period under § 2244(d)(2).  *See, e.g., Black v. Warden, Lebanon Corr. Inst.,* No. 1:12cv821, 2013 WL 3811774, at *5 (S.D. Ohio July 19, 2013) (Bowman, M.J.) (Report & Recommendation) (and

4

numerous cases cited therein), *adopted*, 2013 WL 4067818 (S.D. Ohio Aug. 12, 2013) (Black, J.); *Taher v. Warden, Warren Corr. Inst.,* No. 1:12cv400, 2013 WL 485789, at *6 (S.D. Ohio Feb. 6, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811867 (S.D. Ohio Mar. 5, 2013) (Bertelsman, J.) (and numerous cases cited therein); *Sayles v. Warden, London Corr. Inst.,* No. 1:11cv524, 2012 WL 3527226, at *5 n.1 (S.D. Ohio July 17, 2012) (Wehrman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL 3527140 (S.D. Ohio Aug. 15, 2012) (Dlott, J.); *see also Applegarth v. Warden, North Cent. Corr. Inst.*, 377 F. App'x 448, 449-50 (6th Cir. 2010) (and Sixth Circuit cases cited therein).  *Cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.).  *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez*, where the Court had adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").  Therefore, the statute commenced running on August 26, 2011, one day after petitioner's conviction became final within the meaning of § 2244(d)(1)(A), and expired one year later absent application of statutory or equitable tolling principles.

      During the one-year limitations period petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction

5

relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the statute of limitations ran for 87 days before petitioner filed his motion for delayed appeal to the Ohio Supreme Court on November 21, 2011. (*See* Doc. 9, Ex. 13). An argument can be made that petitioner's delayed appeal motion was not "properly filed" within the meaning of § 2244(d)(2) because the Ohio Supreme Court's entry, without explanation, denying petitioner leave to file a delayed appeal was presumably based on petitioner's failure "to demonstrate adequate reasons for his failure to file a timely notice of appeal." *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam). The Sixth Circuit has indicated that such a ruling is a "procedural decision" by the state supreme court, which "would preclude tolling." *See Hall v. Warden, Lebanon Corr. Inst.,* No. 1:08cv75, 2009 WL 857979, at *3, *8

6

(S.D. Ohio Mar. 25, 2009) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (quoting *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), which in turn cited *Bonilla,* 370 F.3d at 497, as "distinguishing between the denial of a motion to file a delayed appeal in the Ohio Supreme Court, a state procedural decision that would preclude tolling, and the granting of the motion to file the appeal but subsequent dismissal on the jurisdictional merits of the case, a decision on the merits that would not preclude tolling"), *aff'd on other grounds*, 662 F.3d 745 (6th Cir. 2011), *cert. denied*, 133 S.Ct. 187 (2012); *see also Brown v. Ohio,* No. 5:11cv162, 2011 WL 6012428, at *3 n.5 (N.D. Ohio Nov. 8, 2011) (noting that under *DiCenzi* and *Bonilla*, the "statute of limitations is not tolled by a motion for delayed appeal in the Ohio Supreme Court unless that court grants the motion"), *adopted*, 2011 WL 6019181 (N.D. Ohio Dec. 1, 2011). *Cf. Black, supra,* 2013 WL 3811774, at *6 (involving denial of motion for delayed appeal to Ohio Supreme Court); *Taher, supra*, 2013 WL 485789, at *7 (same); *Howard v. Warden, Lebanon Corr. Inst.*, No. 1:11cv4, 2011 WL 2940389, at *4 (S.D. Ohio June 27, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 2848211 (S.D. Ohio July 19, 2011) (Beckwith, J.) (involving denial of delayed reopening application).

    Nevertheless, in light of other Sixth Circuit precedents, which have not been overruled and which hold that delayed appeal motions serve to toll unexpired limitations periods, *see, e.g., Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011) (per curiam), the undersigned will assume in petitioner's favor that the one-year statute of limitations was tolled during the pendency of the delayed appeal motion before the Ohio Supreme Court. The limitations period therefore was tolled from November 21, 2011 through January 18, 2012, when the Ohio Supreme Court issued its final ruling denying petitioner leave to file a delayed appeal. (*See* Doc. 9, Ex. 15). Under 28 U.S.C. § 2244(d)(2),

7

the tolling period does not include the ninety days in which a petitioner could have sought certiorari review in the United States Supreme Court.  *See Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007).  Therefore, the statute commenced running again on January 19, 2012, one day after the Ohio Supreme Court issued its decision, and expired 278 days later on or about October 23, 2012, absent any further tolling of the limitations period.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."  *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012).  Equitable tolling is granted "sparingly."  *Id.* (quoting *Robertson*, 624 F.3d at 784).  A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418.  Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.  *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)).  "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit."  *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not shown that he was prevented by some extraordinary circumstance from seeking federal habeas relief prior to the expiration of the limitations period.  Although petitioner

8

attempts to demonstrate his diligence in filing his appeal to the Ohio Supreme Court despite limited access to the prison law library (*See* Doc. 1, Attachment A), a showing of diligence at the state level is insufficient to warrant equitable tolling. *See Vroman*, 346 F.3d at 605; *Fuller v. Thomas,* 110 F. App'x 496, 499 (6th Cir. 2004). *See also United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003) ("allegations regarding insufficient library access, standing alone, do not warrant equitable tolling") (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Nor has petitioner demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Petitioner has presented no new evidence to support an actual innocence claim, which the Court notes means factual innocence, not mere legal insufficiency. *House v. Bell,* 547 U.S. 518, 538 (2006); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)); *Wright v. Lazaroff*, 643 F. Supp.2d 971, 989 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.); *see also Vanwinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011).

  Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on August 26, 2011, one day after the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' July 11, 2011 direct appeal decision. Assuming in petitioner's favor

that the statute was tolled while petitioner's motion for leave to file a delayed appeal was pending before the Ohio Supreme Court, from November 21, 2011 through January 18, 2012, the statute began to run again on January 19, 2012 and expired on October 23, 2012.  Neither statutory nor equitable tolling principles apply to further extend the limitations period or otherwise avoid the statute of limitations bar to review in this case.  Therefore, respondent's motion to dismiss (Doc. 9) should be **GRANTED** on the ground that the instant habeas corpus petition, filed on January 10, 2013, after the statute of limitations had run its course, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Respondent's motion to dismiss (Doc. 9) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2.  A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[2]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONALD WYATT,                           Case No. 1:13-cv-28
    Petitioner,

                                      Black, J.
vs.                                      Bowman, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).